JUDGE ROBEBTSQN
delivered the opinion of the court:
If the appellee’s horses, forcibly taken by a band of Col. John Morgan’s rebel army, in June, 1864, in Clark county, Kentucky, with the co-operation of the appel *388 lant, Charles W. Price, then chaplain in that army, were taken without military authority, or for the benefit of the captors, and not for the use of the army, the tortious caption was robbery, for which each person engaged in it should be held responsible, according to both the common and the statute law of Kentucky.
But if the horses were taken for the public use of the Confederate army, under military authority, express or implied, the capture, however wrongful in fact, was excusable as a lawful exercise of a belligerent right $ and the fact, if it be a fact, that the appellant, Charles, was then a citizen of Kentucky, could not make him more liable in law than others in the same army who were not citizens. The belligerent rights of each and all were the same; and Kentucky could not control or qualify them by special legislation, nor, as we presume, ever intended to do so. The act of 22d February, 1864 (Myers, p. 1), applies only to predatory soldiers or armed bands committing depredations for their own benefit or gratification, without legal authority, and is not confined to citizens of Kentucky.
In the late war the Federal government was the sovereign, and only sovereign, for recognizing and regulating belligerent rights, and on that subject no single State had any sovereignty.
The facts exhibited in this record prima facie import that the appellee’s horses were authoritatively taken, in the exercise of a belligerent right, for the use of Morgan’s army, and, without any proof or presumption that they were taken without such sanction or for any other use, the circuit court ought to have dismissed the appellee’s petition, and erred in adjudging damages.
Wherefore, the judgment is reversed, and the cause remanded with instructions to dismiss the said petition.